## Thompson *against* Patrick.

A pawnee has a special property in the pawn which he may assign, and the assignee may assert his title to it by action or otherwise.

A pawnee may use the pawn, provided it be not the worse for it ; but he is answerable for damage occasioned by so using it.

Although he use it tortiously, he is answerable by action only ; his lien is not thereby forfeited.

ERROR to the common pleas of *Alleghany* county.

This was an action of trover by Patrick against Thompson, to recover the value of a sleigh and harness.  The facts of the case appear from the testimony of Mr Packard, who said, " that a sleigh and harness, the property of David Greer, was put in the upper room of his storehouse in the fall of 1832 ; that in the spring of 1833 he went bail for Greer on a judgment for 27 or 28 dollars ; that he was sued and judgment had against him, as bail of Greer, and compelled to pay the money in September 1833 ; that he now called on Greer to reimburse him ; that Greer told him that he could not raise the money, but he (Packard) had security in his hands, a sleigh and harness, which he might hold ; that he afterwards called upon Greer, who told him again to make the money out of the sleigh and harness ; that Greer was also indebted to him in account about 30 dollars ; that he made no effort to get the money, considering himself secure by the above property ; that Patrick, the plaintiff, was in his employ in the store and asked to borrow the harness in the winter of 1833, 1834 ; that he told Patrick he had better not take them, but if he did to return them soon ; that Patrick took them and had them at his house in the country ; that in the spring of 1834 Mr Thompson, the defendant, called upon him and told him that Greer had given him an order for the harness ; that he had presented the order to Patrick, and Patrick had refused to give them up ; that he had then told the defendant that the harness was in his hands pledged as security for the sum Greer owed him : that Patrick had borrowed the harness, and he would hold Patrick accountable for them."

Greer also gave evidence denying the principal facts stated by Packard ; but their credibility was referred to the jury.

Dalzell, a witness, testified that he went with Thompson to the

[Thompson v. Patrick.]

house of Patrick, and presented an order of Greer to Mrs Patrick, and got the harness without any trouble. Mr Patrick was in town; do not know that he knew any thing of our going.

The court were requested by defendant's counsel to charge the jury upon the following points:

1. That if they believe Packard did not claim the property under a lien as factor or commission merchant, but retained the possession as security for an independent debt, there was not such a special property in the bailee of Packard as to enable him to recover in trover.

2. If they believe the testimony of Greer, there was no property in Patrick.

3. That if they believe the testimony of Dalzell, there was no wrongful conversion sufficient to sustain trover.

4. That the lien of Packard on the harness was lost by the loaning to Patrick, his bailee.

Shaler, president, charged the jury:

1. That supposing the circumstances to be as stated in the first point made by defendant's counsel, the plaintiff was entitled to recover.

2. That if the testimony of Greer was believed there was no property in Patrick; that it was in direct contradiction to the testimony of Packard, and that the credit of the witnesses was a matter for the determination of the jury.

3. That if the jury believed the evidence of Dalzell, there was a sufficient ground to presume a conversion.

4. That the lien of Packard on the harness was not lost by the loaning to Patrick.

*M'Candless* and *Hamilton*, for plaintiff in error, cited, 2 *Kent's Comm.* 578; *Sto. Pl.* 20.

*Livingston*, for defendant in error.

Per Curiam.—The principles of the present action have long been settled in Mores *v.* Conham, *Owen* 123; Anon. 2 *Salk.* 522, and Coggs *v.* Bernard, 3 *Salk.* 268. As a pawnee has a special property in the thing pawned, he may assign it; and his assignee may consequently assert his title to it against the owner, or one standing in his place. He may even use the pawn, provided it be not the worse for it, if the keeping of it be a charge to him: in recompense of which he may, for instance, milk a cow or ride a horse. But though it be not the worse for it, he can use it but at his peril; for a pawn is in the nature of a deposit, and, in the case indicated, the loss of it is attributable to the wearing of it, which put it in the way of danger. He is consequently answerable for damage occasioned by his use of it. But though he use it even tortiously, he is answerable for the consequences but by action. It has not indeed been expressly ruled that an improper use of it does not work a forfeiture of his

[Thompson v. Patrick.]

lien ; but neither is there any determination to the contrary, and the reason, as well as the justice of the thing, is strong to show that he ought not to lose his security for a substantial debt by having caused perhaps an inconsiderable damage, for which there is an independent remedy graduated to the exact measure of it. The plaintiff's use of the harness certainly deteriorated it, however inconsiderably ; but the direction was undoubtedly right, that the defendant might not, for that reason, retain the possession of it, surreptitiously obtained, against the pawnee or the plaintiff in his stead.

Judgment affirmed.